UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

O'SHEA MANN,

Plaintiff,

v.

A. GARCIA, et al.,

Defendants.

Case No. 1:21-cv-00764-AWI-EPG (PC)

ORDER GRANTING DEFENDANTS' MOTION TO STAY AND REQUEST FOR JUDICIAL NOTICE

(ECF Nos. 40, 41)

Plaintiff O'Shea Mann ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is based on claims against Defendants Garcia, Duran, Castro, Thompson, and Godfrey for excessive force in violation of the Eighth Amendment. (ECF Nos. 1, 13).

Before the Court is Defendants Duran, Castro, Thompson and Godfrey's ("Defendants")[1] motion to stay this action pending the resolution of parallel criminal proceedings, and request for judicial notice in support of the same. (ECF Nos. 40, 41). Plaintiff has not filed an opposition within the time permitted, nor has he requested additional time to do so. Accordingly, pursuant to Local Rule 230(l), the motion is deemed submitted. For the reasons that follow, the Court will grant Defendants' motion to stay and request for judicial notice.

[1] Defendant Garcia is represented by separate counsel. The motion to stay and request for judicial notice were not brought on his behalf. (See ECF Nos. 40, 41).

## I. BACKGROUND

Plaintiff commenced this action on May 10, 2021, by filing a complaint against Defendants Garcia, Duran, Castro, Amabisca, Dillard, Thompson, and Godfrey alleging excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 1). Plaintiff's claims concern an incident that occurred on May 30, 2019, while Defendants Garcia, Duran, and Castro were escorting Plaintiff from Administrative Segregation ("Ad-Seg") to medical. (Id.). While handcuffed, Plaintiff realized Defendants Garcia, Duran, and Castro were taking him in another direction, became fearful, and attempted to plant his feet. (Id.). Defendants Garcia, Duran, and Castro allegedly shoved Plaintiff into an empty cell and began to strike and knee him. (Id.). Defendants Thompson and Godfrey then came into the cell and struck and kneed Plaintiff as well. (Id.). Plaintiff seeks a protective order, declaratory relief and monetary damages. (Id.).

On July 7, 2021, the Court screened the Plaintiff's complaint and found that it stated cognizable claims against Defendants Garcia, Duran, Castro, Thompson, and Godfrey for excessive force in violation of the Eighth Amendment. (ECF No. 13). Plaintiff filed a notice to proceed on the excessive force claims against Defendants Garcia, Duran, Castro, Thompson, and Godfrey on July 19, 2021. (ECF No. 14.) Defendants[2] filed an answer to Plaintiff's complaint on November 17, 2021. (ECF No. 34).

## II. MOTION TO STAY

On November 19, 2021, Defendants filed a motion to stay this case and a request for judicial notice. (ECF Nos. 40, 41). Defendants request to stay this civil action "pending the resolution of criminal case *People v. Mann*, case number DF015187A, which is being heard in the Kern County Superior Court," because the criminal complaint against Plaintiff arises "from the same incident on May 30, 2019 upon which Plaintiff's claims in this case are based." (ECF No. 40, p. 3).

According to the motion, Plaintiff is facing criminal charges filed by the Kern County District Attorney's Office for alleged violations of CA Penal Code § 4501.1, Battery by Gassing a Peace Officer, and CA Penal Code § 4501.5, Battery by a Prisoner. (ECF No. 40, p. 4, 7)

[2] Defendant Garcia filed a separate answer on October 22, 2021. (ECF No. 34).

(citations omitted). These charges arise from the May 30, 2019 escort at issue in Plaintiff's Complaint. (Id.). Plaintiff pled not guilty to the criminal charges, and preliminary hearings were scheduled for December 2021. (Id.).

Defendants first argue a stay is warranted under Younger v. Harris, 401 U.S. 37, 45 (1971), because Plaintiff is currently facing criminal charges in state court and California has an important interest in enforcing its own laws without federal interference. (ECF No. 40, p. 5). Defendants contend that "plaintiff is not barred from raising his federal constitutional claim in state proceedings" and that "it is likely that Plaintiff's allegations of excessive force will be raised in his defense at his criminal trial by arguing that his actions were justified based upon the excessive force he alleged occurred." (Id.). Additionally, a stay is warranted because a finding by this Court that Plaintiff's allegations in the civil complaint are true "would likely impact" the pending criminal case because such a ruling would "inevitably involve consideration of whether Plaintiff engaged in an assault as alleged in the criminal case, which contradicts the allegations here that Defendants' actions were unprovoked and unwarranted." (Id.).

Alternatively, Defendants argue the factors laid out in Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), weigh in favor of staying the case. (See ECF No. 40, p. 6-7). Defendants argue that Plaintiff's Fifth Amendment rights are implicated because he will be deposed by Defendants in the civil case "regarding the same incident for which he is being criminally prosecuted." (Id. at 7). As to the additional Keating factors, Defendants argue that Plaintiff will not be prejudiced by a delay in the civil proceedings because he is "incarcerated and representing himself" and "no longer housed at the institution where the allegations contained in his Complaint occurred." (Id.). Defendants further argue that a stay would "promote[] the efficient use of judicial resources by ensuring that common issues of fact will be resolved" and would further the public interest "because the public's interest in the integrity of the criminal prosecution is entitled to precedence over a civil litigant." (Id. at 7-8).

Plaintiff has not filed an opposition to the motion to stay or request for judicial notice. Opposition to the motions were due on December 13, 2021. See Fed. R. Civ. P. 6(d); Local Rule 230(l).[3]

[3] Defendant Garcia also has not filed any response to the motion to stay or request for judicial notice.

## III. REQUEST FOR JUDICIAL NOTICE

In connection with their motion to stay, Defendants have filed a request for judicial notice requesting that the Court take judicial notice of the docket from Plaintiff's criminal case, the criminal complaint against Plaintiff, and the scheduled pretrial and preliminary hearings in Plaintiff's criminal case. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation and internal quotation marks omitted); see also Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

The Court grants Defendants' unopposed request for judicial notice (ECF No. 41), and refers to those documents where applicable below.

## IV. YOUNGER ABSTENTION

### A. Legal Standards

The Ninth Circuit has set forth the factors for Younger abstention as follows:

> In Younger, the Supreme Court held that federal courts should abstain from staying or enjoining pending criminal prosecutions absent extraordinary circumstances. Younger applies 'when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021); see also Younger v. Harris, 401 U.S. 37, 45 (1971).

The Younger doctrine should not be applied unless all four elements are "strictly met." AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-34 (1982)). "However, even if Younger abstention is appropriate, federal courts do not invoke it if there is a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Arevalo v. Hennessy, 882 F.3d 763, 765-66 (9th Cir. 2018) (quoting Middlesex, 457 U.S. at 423). According to Younger, extraordinary circumstances are those "where the danger

of irreparable loss is both great and immediate." 401 U.S. at 45. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Id. at 46. Younger is applicable in an action for damages pursuant to 42 U.S.C. § 1983. Gilbertson v. Albright, 381 F.3d 965, 968 (9th Cir. 2004).

Finally, abstention is only appropriate if the "vital and indispensable fourth element" is met. AmerisourceBergen Corp., 495 F.3d at 1149. Under this element, a federal court must abstain from actions which "would have the same practical effect on the state proceeding as a formal injunction." Gilbertson, 381 F.3d at 977-78. If the federal court action at issue is not a formal injunction, then "[p]reclusion rules may be relevant to determining the practical effects of a federal court's relief." Id.

**B. Analysis**

The Court does not find that a stay under the Younger abstention doctrine is warranted because this lawsuit will not act as an injunction on the pending criminal proceeding.

First, this lawsuit does not involve a request to enjoin the pending court proceeding. Plaintiff has not requested such relief in his complaint. Instead, Plaintiff seeks damages from alleged excessive force by correctional officers, a protective order prohibiting further contact with Defendants and retaliation, and a declaratory judgment that Plaintiff's rights were violated. (See ECF No. 1, p. 21).

The Court next looks to whether a finding in this Court on Plaintiff's excessive force claims would have the practical effect of a formal injunction on the state criminal proceedings where Plaintiff is charged with battery by a non-confined person and battery by gassing.

The Court does not find that an action in this case would have the practical effect of enjoining the criminal proceeding or would necessarily result in inconsistent court judgments. See AmerisourceBergen Corp., 495 F.3d at 1151 ("As the Supreme Court has held, 'the mere potential for conflict in the results of adjudications does not, without more, warrant staying exercise of federal jurisdiction.") (citing Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 816 (1976)). While Plaintiff's constitutional claim concerns the same underlying incident as the criminal charges, a decision on Plaintiff's excessive force claim in this case will not necessarily decide the criminal charges in the state case. An Eighth Amendment excessive

force claims focuses on the correctional officers' actions and "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The battery charges against Plaintiff concern whether Plaintiff committed certain acts of battery against correctional officers.[4] Correctional officers may be liable for excessive force against an inmate who commits battery, and a criminal finding that the inmate did not commit battery does not necessarily mean that excessive force was used. This is not a situation where the criminal charges made against Plaintiff include, as a necessary element, a factual finding regarding the correctional officers' use of force. Compare Jones v. County of Contra Costa, 2014 WL 1411205, at *2 (N.D. Cal. April 11, 2014) (Plaintiff's Fourth Amendment excessive force claim was a direct defense to his resisting arrest charge because the criminal statute requires that the arresting officer be "engaged in the lawful performance of his duties."). Thus, a finding on the excessive force claim would not decide, or necessarily be inconsistent with any decision, in the criminal case. Accordingly, the fourth Younger element is not satisfied. See Rivas v. California Franchise Tax Bd., 619 F.Supp.2d 994, 1005-6 (E.D. Cal. 2008) (declining to extend stay under Younger on plaintiff's excessive force claims); Hatcher v. Junes, 2021 WL 4305945, at *3 (E.D. Cal. September 22, 2021) (declining to apply Younger in a prisoner-plaintiff excessive force case).

For those reasons, the Court finds that abstention under Younger is not warranted.

## V. KEATING DISCRETIONARY STAY

### A. Legal Standards

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th

---

[4] "(a) Every person confined in the state prison who commits a battery by gassing upon the person of any peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, or employee of the state prison is guilty of aggravated battery and shall be punished by imprisonment in a county jail or by imprisonment in the state prison for two, three, or four years. Every state prison inmate convicted of a felony under this section shall serve his or her term of imprisonment as prescribed in Section 4501.5. (b) For purposes of this section, "gassing" means intentionally placing or throwing, or causing to be placed or thrown, upon the person of another, any human excrement or other bodily fluids or bodily substances or any mixture containing human excrement or other bodily fluids or bodily substances that results in actual contact with the person's skin or membranes." Cal. Penal Code § 4501.1. "Every person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned." Cal. Penal Code § 4501.5.

Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." Id. (alterations in original). "Nevertheless, a court may decide in its discretion to stay civil proceedings … when the interests of justice seem [] to require such action." Id. (alterations in original) (citations and internal quotation marks omitted). As the Ninth Circuit has explained:

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case. This means the decisionmaker should consider the extent to which the defendant's fifth amendment rights are implicated. In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 324-25 (citations and internal quotation marks omitted).

**B. Analysis**

After consideration of these factors, the Court will exercise its discretion to stay this case pending the resolution of the criminal case.

As noted above, the Court first considers the impact on Plaintiff's Fifth Amendment rights before weighing the five Keating factors. Given the factual overlap between the criminal case and the civil case, it appears that Plaintiff's Fifth Amendment rights are implicated because any discovery or testimony provided in this case could potentially be used against him in the criminal case. While "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," whether the defendant's Fifth Amendment rights are implicated is a significant factor to consider. Keating, 45 F.3d at 325-26. The Fifth Amendment is implicated when parallel proceedings are "based on the same set of facts." See ESG Capital Partners LP v. Statos, 22 F.Supp.3d 1042, 1046 (C.D. Cal. 2014). If a civil litigant asserts their Fifth Amendment right, then "an adverse inference can be drawn against him." ESG Capital at 1046 (relying on Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1264

(9th Cir. 2000)). On the other hand, "if he cooperates with discovery in the civil case or gives incriminating testimony, it can be used against him in the criminal trial." Id. Here, Plaintiff's Fifth Amendment right is implicated by parallel civil and criminal proceedings because Plaintiff may be deposed in the civil case about the underlying incident also at issue in the pending criminal case.

As to the first Keating factor, while Plaintiff has an interest in the expeditious resolution of this action, the delay caused by a stay is not likely to unduly prejudice Plaintiff. As Defendants note in their motion, Plaintiff is "no longer housed at the institution where the allegations contained in his Complaint occurred," thus there does not appear to be a basis for a protective order as requested in the Complaint. (See ECF No. 40, p.7). The Court also notes that any prejudice in delay due to evidentiary concerns is likely to be minimal given that both proceedings involve similar facts and witnesses from the same day in question. See, e.g., McCormick v. Rexroth, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010) ("the fact that the witnesses for the two proceedings are likely to include many of the same people providing much of the same testimony should reduce the danger that any testimony will be lost as a result of the stay."). Overall, the Court finds that this factor weighs in favor of a stay.

The second Keating factor considers the burden imposed on the Defendants.[5] At this early stage in the case, Defendants would not face an undue burden in litigating the civil case. The criminal proceedings will likely be resolved before the civil proceedings, and so any uncertainty in litigation strategy based on an awaited outcome of the criminal case is unwarranted. See Valenzuela v. Santiesteban, 2021 WL 1845544, at *3 (E.D. Cal. April 9, 2021) (stay warranted until the criminal proceedings resolved because "it [was] unclear whether certain defenses [were] available"). Additionally, for the reasons discussed above, it is not clear that the outcome of the criminal case would provide for any defense in this case. For that reason, the Court finds this factor does not weigh in favor of a stay.

The third Keating factor, judicial efficiency, favors imposition of a stay because Plaintiff's criminal action will involve many, if not all, of the same facts and some of the same issues. Jones

---

[5] Defendants' motion did not separately address the second factor, the burden on Defendants, or the fourth factor, the interests of persons not parties to the civil litigation, in their Keating analysis. (See ECF No. 40).

v. Conte, 2005 WL 1287017, at *2 (N.D. Cal. April 19, 2005) ("Staying the case makes efficient use of judicial resources by 'ensuring that common issues of fact will be resolved.'") (internal citations omitted). Thus, it serves the interest of judicial economy for the Court to stay this case.

The fourth Keating factor, the interests of third parties, does not appear to be implicated in this case. See e.g., Petrov v. Alameda County, 2016 WL 6563355, at *6 (N.D. Cal. November 4, 2016) ("[C]ourts have found [the fourth factor] salient…where the third parties at issue had a direct interest in the outcome of the litigation.") (internal citations omitted); ESG Capital, 22 F. Supp.3d at 1047 (finding the fourth factor neutral when neither party identified a third-party interest). For that reason, this factor is neutral.

Finally, Defendants argue that the fifth Keating factor, the interest of the public in the pending civil and criminal litigation, weighs in favor of a stay because "because the public's interest in the integrity of the criminal prosecution is entitled to precedence over a civil litigant." (ECF No. 40, p. 8). When "[a]llowing the civil matter to proceed using the Federal Rules of Civil Procedure would likely interfere with the potential criminal case(s)" then a stay is strongly favored because "[a]s a general matter, '[t]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant.'" Acacia Corporate Management, LLC v. U.S., 2008 WL 2018438, at *4-5 (E.D. Cal. May 7, 2008) (citations omitted) (granting a stay to the United States as a civil defendant because the discovery process could be used by the civil plaintiff to obtain information from the United States that was important to the government's prosecution against the civil plaintiff). Additionally, "the public has in interest in ensuring that the criminal process is not undermined by ongoing civil cases." General Elec. Co. v. Liang, 2014 WL 1089264, at *6 (C.D. Cal. March 19, 2014) (weighing "the risk of unfair criminal proceedings…against the public's interest in the speedy resolution of a plaintiff's civil claim."). Allowing a civil action to proceed along with a parallel criminal case may "expand criminal discovery beyond the limits of the Federal Rule of Criminal procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice." S.E.C. v. Alexander, 2010 WL 538800, at *3 (N.D. Cal. November 22, 2010) (discussing the subversive impact on criminal procedure in allowing parallel criminal and civil cases to proceed simultaneously). The Court therefore finds that the public interests involved weigh in favor of a

stay.

After weighing the Keating factors, the Court will exercise its discretion to stay this case pending resolution of the parallel criminal case.

**VI. ORDER**

Based on the foregoing, IT IS ORDERED that:

1. This case is STAYED pending resolution of the related state criminal proceeding, People v. Mann, Case No. DF015187A, in Kern County Superior Court, or until further order of the Court;
2. Defendants are directed to file a status report 14 days after a resolution in the pending state criminal case or one year from the date of this order, whichever is sooner;
3. Defendants' request for judicial notice (ECF No. 41) is granted.

IT IS SO ORDERED.

Dated: **February 9, 2022**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE