UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O'SHEA MANN,<br><br>       Plaintiff,<br><br>   v.<br><br>A. GARCIA, et al.,<br><br>       Defendants. | Case No. 1:21-cv-00764-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE STAY BE LIFTED AND THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 42 & 44)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

     O'Shea Mann ("Plaintiff") is a state prisoner (or former state prisoner) proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

     On February 10, 2022, the Court granted defendants Duran, Castro, Thompson, and Godfrey's motion to stay, and stayed this action "pending resolution of the related state criminal proceeding … or until further order of the Court." (ECF No. 42).[1]  The Court also directed defendants Duran, Castro, Thompson, and Godfrey ("Defendants") "to file a status report 14 days after a resolution in the pending state criminal case or one year from the date of this order, whichever is sooner." (Id. at 10).

     On February 10, 2023, Defendants filed a status report. (ECF No. 43).  In the status

---

[1] Defendant Garcia is represented by separate counsel.  The motion to stay was not brought on his behalf. (See ECF Nos. 40 & 41).

1

report, Defendants asserted that "Plaintiff is no longer in CDCR custody and has posted bail in the criminal case, although he has not updated this Court with his address." (Id. at 2).

Given the assertion that Plaintiff is no longer in CDCR custody but has not updated his address, the Court required Plaintiff to either file a notice of change of address or to confirm his current address within 30 days. (ECF No. 44). The Court also warned Plaintiff that "[f]ailure to comply with this order may result in the imposition of sanctions, up to and including dismissal of this action." (Id. at 2).

Plaintiff's deadline to update his address has passed, and Plaintiff failed to update his address or otherwise respond to the order.[2] Therefore, the Court will recommend that the stay be lifted, and that this case be dismissed, without prejudice, for failure to comply with a Court order and to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. While the delay here is minimal due to the stay, the Court is unable to contact Plaintiff because of Plaintiff's failure to update his address, and the

---

[2] The order was returned as undeliverable. However, "[e]ach appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." Local Rule 182(f).

case cannot proceed without Plaintiff.  Thus, Plaintiff's failure to prosecute this case and to comply with this Court's order is interfering with docket management.  Therefore, the second factor weighs strongly in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643.  The delay thus far is minimal.  But, given Plaintiff's failure to update his address, it appears that Plaintiff is no longer prosecuting this case, and this case cannot proceed without Plaintiff.  Additionally, the Court is unable to contact Plaintiff.  Therefore, the third factor is neutral.

As for the availability of lesser sanctions, given that Plaintiff has stopped prosecuting this case and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use.  And as Plaintiff has stopped prosecuting this case, excluding evidence would be a meaningless sanction.  Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

1. The stay be lifted;
2. This case be dismissed, without prejudice, because of Plaintiff's failure to comply with a court order and to prosecute this case; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 22, 2023**__        /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE